IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**RANDY COOPER,**

    **Plaintiff,**

**v.**           Civil Action No. 2:09cv128
                 (Judge Maxwell)

**WARDEN WILLIAM FOX,
COMMISSIONER JIM RUBENSTEIN,
UNIT MANAGER BOB PARKER**

    **Defendants.**

## REPORT AND RECOMMENDATION

On October 30, 2009, the plaintiff, Randy Cooper, an inmate at St. Marys Correctional Center, a West Virginia Division of Corrections facility located in St. Marys, West Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 together with Motion to Proceed *in forma pauperis*, a Prisoner Trust Account Report, and Consent to Collection of Fees from Trust Account. Following a Notice of Deficient Pleading, the plaintiff filed a second Prisoner Trust Account Report with supporting ledger sheets..

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

1

imminent danger of serious physical injury.

Pursuant to § 1915(g), this Court takes judicial notice of case number 5:05cv177 from the United States District Court for the Southern District of West Virginia. See Cooper v. Rubenstein, et al., 5:05cv177 (S.D. W.Va. Feb. 1, 2006). In the Proposed Findings and Recommendation of Magistrate Judge R. Clarke VanDervort, the Court outlined the plaintiff's extensive filing history with the Southern District of West Virginia.[1] That history establishes that the plaintiff has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Since that time, the plaintiff has been transferred to St. Marys Corrections Center, within the jurisdiction of the Northern District of West Virginia. This is the plaintiff's third case in this Court since August 12, 2009. See Cooper v. Fox, 5:09cv93 (N.D.W.Va.), which was dismissed under the "three strikes rule" on September 25, 2009, and Cooper v. Fox, 2:09cv114 (N.D.W.Va.), which has been recommended for dismissal under the "three strikes rule."[2]

Like the plaintiff's two prior cases in this Court, the instant action is due to be dismissed under the "three strikes rule." As recognized by the Southern District of West Virginia, the plaintiff has had at least three cases dismissed under 28 U.S.C. § 1915 as frivolous, malicious or for the failure to state a claim. Thus, the plaintiff cannot initiate the instant action without prepayment of

---

[1] Between September, 1999, and March 1, 2005, the plaintiff initiated 32 actions in the United States District Court for the Southern District of West Virginia. Six of those actions were dismissed as frivolous, three more were dismissed pursuant to 28 U.S.C. § 1915(g), and eleven were dismissed with the plaintiff being enjoined from filing further actions. See Cooper v. Jim Rubenstein, et al., case no. 5:05cv0177 (SDWV) dkt. entry 6 setting forth the plaintiff's filing history in that court.

[2] Docket entry Number 8.

2

the entire $350 filing fee, unless he can establish that he under imminent threat of physical harm. The allegations in the complaint do not meet this standard. In fact, the undersigned finds the plaintiff's claims irrational and wholly incredible.

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 2 and 11) be **DENIED** and his complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

Moreover, because it appears that the plaintiff intends to practice in this Court, the same abusive and manipulative filing practices with which he burdened the Southern District of West Virginia, the undersigned further **RECOMMENDS** that this Court also issue a pre-filing injunction against the plaintiff under the All Writs Act of 28 U.S.C. § 1651. See Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817-820 (4th Cir. 2004). In Cromer, the Fourth Circuit recognized that injunctions should be issued only in extreme cases and only after consideration of the following four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Here, the plaintiff clearly has a history of vexatious, frivolous and duplicative litigation. In fact, this history has already barred him from filing suits in the Southern District of West Virginia.

In addition, although the plaintiff's claims repeatedly have been found to be frivolous, the plaintiff continues to make the same claims over and over. Therefore, there is no good faith basis for his claims, and the purpose of his repetitive suits is only to harass the defendants and the courts. Third, given the number of frivolous suits the plaintiff has filed, the burden on the courts and the other parties is great. Finally, there appears to be no other available sanctions which could alleviate the burden of the plaintiff's frivolous filings. Accordingly, the undersigned recommends that this Court also issue a pre-filing injunction against the plaintiff.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 4 th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff.

DATED: November 12, 2009

       /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

4